FILED & ENTERED

MAY 12 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No.: 6:22-bk-12763-WJ |
| LINDA ANN WEIDENBAUM, | CHAPTER 13 |
| Debtor. | **SCHEDULING ORDER** |
| | Hearing Date:<br>Date:   May 17, 2023<br>Time:   2:00 p.m.<br>Ctrm.:  304 |

- 1 -

1    On April 24, 2023, the chapter 13 trustee filed a motion to dismiss this case due to a failure of the debtor to make plan payments under the terms of the confirmed plan [docket #41] ("Motion").  On May 8, 2023, the debtor filed opposition to the motion [docket #42].  Having reviewed the case, the Motion and the opposition to the Motion, the Court hereby finds that no oral argument regarding the Motion is necessary and, pursuant to Rule 9013-1(j)(3) of the Local Bankruptcy Rules, the Court hereby takes off calendar the hearing and waives appearances.  No hearing shall occur.

The evidentiary record for the Motion is now closed and no further briefs or pleadings with respect to the Motion are necessary or permitted (other than, if appropriate, a withdrawal of the Motion).  For the reasons set forth in the Motion, the Court finds that granting the request to dismiss this case is appropriate due to the payment default by the debtor under the terms of the confirmed plan.  Failing to make plan payments timely is a classic basis for dismissal of a chapter 13 case. See, e.g., In re McDonald, 118 F.3d 568 (7th Cir. 1997).  In McDonald, the bankruptcy court dismissed a chapter 13 case in which the debtor was ten days late making the first plan payment.  The Seventh Circuit Court of Appeals affirmed and the untimeliness in this case is considerably greater than the ten days in McDonald.

Other cases are consistent with the McDonald decision.  For example, the Bankruptcy Appellate Panel for the Ninth Circuit ruled similarly and cited McDonald with approval in Zapata v. United States Trustee (In re Zapata), 2012 Bankr. LEXIS 4647, *14-16 (9th Cir. BAP 2012) (affirming a bankruptcy court which dismissed a chapter 13 case because the debtors failed to make plan payments and denying a motion to vacate that dismissal order, stating that the "[f]ailure to make the payments required by § 1326(a) is a sufficient ground for dismissal of the chapter 13 case . . . [and] even a ten-day delay . . . .was grounds for dismissal of a chapter 13 petition . . . . [Therefore], [b]ecause Debtors have not established that the bankruptcy court erred in its dismissal order, the court did not abuse its discretion in denying reconsideration of that dismissal order."). See also In re Sando, 30 B.R. 474 (E.D. Pa. 1983)[1]; Rodriguez v. Banco

---

[1] In Sando, the chapter 13 debtors fell behind in making two plan payments to the chapter 13 trustee.  Given the two-month arrearage, the chapter 13 trustee filed a motion to dismiss the case.  The debtors opposed and offered

<u>Popular de Puerto Rico (In re Rodriguez)</u>, 516 B.R. 177 (1st Cir. BAP 2014)[2]; <u>Bernegger v. King</u>, 2011 U.S. Dist. LEXIS 67716 (E.D. Wis. 2011)[3]; <u>In re Dorff</u>, 480 B.R. 919 (Bankr. E.D. Wis. 2012)[4]; <u>Monte Carlo Cruise Concessions, Inc. v. Lassman</u>, 2005 U.S. Dist. LEXIS 2155 (D.Mass. 2005)[5]; <u>see</u> <u>also</u> LBR 3015-1(k)(4) ("<u>Dismissal or Conversion for Non-Payment</u>. If the debtor fails to make a plan payment, the case may be dismissed or converted to a case under chapter 7.").

---

to "pay the trustee the amount owed to that date." <u>Id</u>. at 476. The debtors offered a full cure of the missing two months of payments. The bankruptcy court rejected this suggestion and dismissed the case due to the failure of the debtors to make the payments timely. The bankruptcy court "did not find this offer to be a sufficient basis for denying the trustee's motion." <u>Id</u>.

On appeal, the district court affirmed. The district court stated that the "bankruptcy court acted within its discretion in not permitting Sando to attempt to comply with the statute and the debtor's plan at such a late juncture." <u>Id</u>. The district court noted that the obligation of the debtors under the chapter 13 plan "to make regular payments . . . is clear and unequivocal." <u>Id</u>. Consequently, the failure to make those payments timely was sufficient grounds for dismissal of the case even in the face of the debtors offering to make the missing payments late.

[2] In <u>Rodriguez</u>, the chapter 13 debtors filed a bankruptcy case but failed to pay the filing fee timely and, in response, the bankruptcy court dismissed the case. The debtors then paid the filing fee and filed a motion to vacate the dismissal order. The bankruptcy court denied the motion to vacate the dismissal order even though the filing fee had been paid. The debtors then appealed that denial order and several other orders. The appellate court affirmed one of the orders and dismissed the appeal as to all the other orders due to the failure of the debtors to timely appeal them. Thus, the case was dismissed due to untimely payment of the filing fee (even though the fee was eventually paid).

[3] In <u>Bernegger</u>, a chapter 13 debtor failed to make plan payments, which resulted in dismissal of the case. The debtor filed a motion to reinstate the case, but the bankruptcy court denied the motion and the district court affirmed. The district court treated the debtor's motion as a motion to vacate the dismissal order pursuant to Rule 60(b) and denied it.

In that case, the debtor also failed to pay the appellate filing fee. As a result, the district court issued an order to show cause setting a deadline for payment of the filing fee (May 20, 2011). The debtor missed this deadline and did not pay until three weeks later (on June 10, 2011). The district court held that dismissal of the appeal was appropriate for this reason alone. The district court stated: "In this case, Bernegger was given ample opportunity to comply with the court's order regarding payment of the filing fee, yet the payment of the filing fee was still accomplished in an untimely fashion. As such, dismissal of his appeal, based on this fact alone would be warranted." <u>Id</u>. at *2.

[4] In <u>Dorff</u>, the court set a deadline for the debtor to pay the filing fee. When the debtor did not comply, the court dismissed the case. The debtor then filed a motion to vacate the dismissal order and, at the same time, the debtor paid the filing fee. The debtor paid the fee, however, twenty-one days after the deadline. As a result, the court denied the motion to vacate the dismissal order (even though the full filing fee had been paid). The court found that the debtor had not established a basis for relief under Rule 60(b). <u>Id</u>. at 923 ("These circumstances do not provide 'clear and convincing evidence' that the Debtor committed a 'mistake' entitling her to the 'extraordinary remedy' contemplated in Rule 60(b). Further, the Debtor's neglect is not 'excusable.'").

[5] In <u>Monte Carlo</u>, a bankruptcy court entered an order which a party appealed. When filing the notice of appeal, however, the appellant did not pay the filing fee. The bankruptcy court entered an order requiring payment, but the appellant paid the fee twenty-five days late. The appellee filed a motion to dismiss which the bankruptcy court granted. The appellant filed a motion to reconsider which the bankruptcy court denied. On appeal, the district court affirmed the dismissal of the appeal even though it constituted a "harsh and drastic sanction." <u>Id</u>. at *10.

Accordingly, as a result of the undisputed defaults by the debtor in making plan payments, the Court is prepared to enter an order granting the Motion and dismissing the case. However, the Court shall wait to do so for another week in order to provide the debtor with additional time to resolve the matter. If the Motion is not withdrawn by May 18th, it will be granted thereafter and the trustee should submit a proposed order granting the Motion if the court does not enter its own dismissal order.

IT IS SO ORDERED.

###

Date: May 12, 2023

Wayne Johnson
United States Bankruptcy Judge